UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FAHR, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>　　　　　　　Defendants. | Case No. 21-cv-1676-BAS-BGS<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 2); AND**<br><br>**(2) DENYING PLAINTIFFS' EX PARTE MOTION TO SHORTEN TIME (ECF No. 5)** |

　　　Before the Court is Plaintiffs' *ex parte* Motion for a Temporary Restraining Order or, Alternatively, Preliminary Injunction ("Motion for a TRO") and *ex parte* application for an order shortening the time for this Court to hear that Motion ("Motion to Shorten"), both of which Plaintiffs filed on September 24, 2021. (Mot. for TRO, ECF No. 2; Mot. to Shorten, ECF No. 5.)  The Court finds those Motions suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court **DENIES** both Motions, without prejudice to their renewal.  (ECF Nos. 2, 5.)

## I. BACKGROUND

On September 23, 2021, Plaintiffs commenced this action against Defendants seeking to invalidate Ordinance Number O-2022-7 (Compl., Ex. A ("Ordinance")), which Plaintiffs allege "prohibits, *inter alia*, the possession, purchase, sale, receipt, and transportation of non-serialized, unfinished firearm parts, as well as non-serialized firearms[]" covered by the Ordinance, in violation of the Second Amendment and Fifth Amendment Takings Clause (*id.* ¶ 54; *see id.* ¶¶ 129–65). The San Diego City Council passed the Ordinance on September 14, 2021 and the Mayor of San Diego signed it on September 21, 2021. (Compl. ¶¶ 55.) As Plaintiffs acknowledge, the Ordinance currently is not being enforced. (*See*, *e.g.*, *id.* ¶ 59.) Rather, the Ordinance's effective date is October 23, 2021—30 days from the date on which it was signed into law. (Ordinance 9.)

Without first serving Defendants with the Complaint, Plaintiffs filed *ex parte* their Motion for a TRO on September 24, 2021, claiming that they would suffer immediate and irreparable harm if the Ordinance becomes effective. (ECF No. 2.)[1] Specifically, Plaintiffs James Fahr, Desiree Bergman, and Colin Rudolph, residents of San Diego, own non-serialized firearm components that they acquired before enactment of the Ordinance, with which they intend to construct "California-compliant" firearms. (Mot. TRO, Ex. 1 ("Fahr Decl.") ¶¶ 6–10; *id.*, Ex. 2 ("Bergman Decl. ¶¶ 6–11"); *id.*, Ex. 5 ("Rudolph Decl.") ¶¶ 6–11.) Individual Plaintiffs complain that the Ordinance prohibits them from doing so. They aver that now they "must dispossess [themselves]" of these non-serialized firearm components by the effective date of the Ordinance "or face criminal prosecution under [San Diego Municipal Code Section] 53.18(c)(1)." (Fahr Decl. ¶¶ 11–13; Bergman Decl. ¶¶ 12–13; Rudolph Decl. ¶¶ 12–13.)[2] Organizational Plaintiffs and Firearms Policy Coalition, Inc. and San Diego County Gun Owners PAC—both of whom allege standing

---

[1] Plaintiffs filed *ex parte* their Motion to Shorten later that same day. (*See* ECF No. 5.)
[2] Individual Plaintiffs further allege that the Ordinance prohibits them from "purchas[ing], acquir[ing], possess[ing], and transport[ing]" non-serialized firearm components "in the future," as they assertedly had intended. (Fahr Decl. ¶¶ 11–13; Bergman Decl. ¶¶ 12–13; Rudolph Decl. ¶¶ 12–13.)

in a "representational capacity"—claim to have members residing in the City of San Diego and/or San Diego County who are similarly situated to Individual Plaintiffs. (Mot. TRO, Ex. 3 ("Combs Decl.") ¶ 16; Mot. TRO, Ex. 4 ("Schwartz Decl.") ¶ 16.)

## II.     ANALYSIS

Under Rule 65 of the Federal Rules of Civil Procedure, the court may issue a temporary restraining order without notice to the non-moving parties only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

"[T]he stringent requirements embodied in Rule 65(b) recognize that 'our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" *Adobe Sys., Inc. v. S. Sun Prod., Inc.*, 187 F.R.D. 636, 638–39 (S.D. Cal. 1999) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438–39 (1974)). "A temporary injunction can be an extremely powerful weapon, and when such an order is issued *ex parte*, the dangers of abuse are great." *Id.* at 639 (citing *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 324 (7th Cir. 1984)).

This district's Civil Local Rules further require that in support of any *ex parte* application, the moving party must submit an affidavit or declaration stating:

> (1) that within a reasonable time *before* the motion the [moving] party informed the opposing party or the opposing party's attorney when and where the motion would be made; or (2) that the party in good faith attempted to inform the opposing party and the opposing party's attorney but was unable to do so, specifying the efforts made to inform them; or (3) that for reasons specified the party should not be required to inform the opposing party's attorney.

     Plaintiffs' *ex parte* Motion for a TRO is denied because it runs afoul of the notice requirements of both the Federal Rules of Civil Procedure and this district's Civil Local Rules.  A temporary restraining order on an *ex parte* basis ordinarily is limited to situations where "it is impossible to give notice to the adverse party because the plaintiff does not know the party's identity or location" or where "proceeding *ex parte* is the 'sole method of preserving a state of affairs in which the court can provide effective final relief.'" *Adobe Sys.*, 187 F.R.D. at 639 (citing *Matter of Vuitton et Fils S.A.*, 606 F.2d 1, 4 (2d Cir. 1979)).  *Ex parte* relief is rarely justified.  *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–39 (1974)).

     Plaintiffs do not argue that their Motion for a TRO falls under either of the two limited situations in which *ex parte* relief is justified.  *See Adobe Sys.*, 187 F.R.D. at 639. Plaintiffs do not claim to lack knowledge of Defendants' identity or location, or that it was otherwise impossible to give Defendants notice.  Nor have Plaintiffs persuaded the Court that *ex parte* injunctive relief is the only effective relief available to preserve Plaintiffs' rights.  Fed. R. Civ. P. 65(b)(1)(B); *see also* Civ. L.R. 83(g)(2).

     Because the record lacks the extraordinary showing required to justify *ex parte* relief, the Court will not consider the merits of the Motion for a TRO or the Motion to Shorten until Plaintiffs submit proof that Defendants have been served in accordance with the Federal Rules of Civil Procedure and this district's Civil Local Rules.

### III.   CONCLUSION

     For the foregoing reasons, the Court **DENIES** Plaintiff's *ex parte* Motion for A TRO (ECF No. 2) and, consequently, **DENIES** Plaintiff's *ex parte* Motion to Shorten (ECF No. 5) without prejudice to their renewal with the appropriate showing that proper service has been made upon Defendants, or that issuance of the TRO

is proper without notice pursuant to the strict requirements of Federal Rule of Civil Procedure 65(b)(1). *See* Fed. R. Civ. P. 65(b)(1)(B); Civ. L.R. 83(g)(2).

**IT IS SO ORDERED.**

DATED: September 27, 2021

Hon. Cynthia Bashant
United States District Judge