1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JAMES FAHR, *et al.*,                           Case No. 21-cv-1676-BAS-BGS

12                          Plaintiffs,              **ORDER DIRECTING PARTIES TO**
                                                     **PROVIDE SUPPLEMENTAL**
13        v.                                         **BRIEFING**

14   CITY OF SAN DIEGO, *et al.*,

15                          Defendants.

16

17          At issue in the above-captioned lawsuit is the legality of Section 53.18 of Chapter 5

18   of the San Diego Municipal Code ("Section 53.18"), referred to by both parties colloquially

19   as San Diego's "Ghost Gun Ban."  In essence, Section 53.18 renders it unlawful for any

20   person within the City of San Diego to "possess," "purchase," "transport," "receive,"

21   "sell," "transfer," or "offer to transfer an unfinished frame or receiver"—gun components

22   that are necessary to self-manufacture an operable firearm.  SDMC § 53.18(c)(1), (2).  Two

23   exceptions to Section 53.18 are pertinent here.  First, Section 53.18 does not apply to an

24   "unfinished frame or unfinished receiver [that] is imprinted with a serial number issued to

25   that unfinished frame or unfinished receiver by a Federal Firearms Importer or Federal

26   Firearms Manufacturer."  Second, Section 53.18 does not apply to an unfinished frame or

27   receiver "engraved or permanently affixed with a serial number provided by the California

28

- 1 -

21cv1676

1   Department of Justice for that unfinished frame or unfinished receiver."   SDMC
2   53.18(c)(1), (2).

3      Plaintiffs aver that both these exceptions are illusory and, thus, Section 53.18
4   infringes upon their purported Second Amendment-protected right to self-manufacture
5   firearms.[1]   (*See* Compl. ¶ 75.)   Specifically, Plaintiffs allege that there simply are no
6   unfinished frames or receivers in circulation that meet the criteria of either of the above-
7   mentioned exceptions because Federal Firearms Manufacturers and Importers are not
8   required under federal law to imprint serial numbers upon these parts.   (*Id.* ¶¶ 72–73.)
9   Thus, according to Plaintiffs, there is no conceivable way that a San Diego resident who
10  wishes to self-manufacture a firearm can procure a *serialized*, unfinished frame or receiver
11  and, therefore, he or she must violate Section 53.18 to exercise a purported Second
12  Amendment right.

13      On November 5, 2021, Defendants moved to dismiss this action.   (Mot., ECF No.
14  22.)   Plaintiffs oppose (ECF No. 25) and Defendants reply (ECF No. 26).   Since then,
15  however, there has been a significant development in the body of regulatory law pertinent
16  to this Second Amendment dispute.   On April 26, 2022, the Department of Justice ("DOJ")
17  and the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") issued a final rule
18  entitled "Definition of 'Frame and Receiver' and Identification of Firearms," proposing
19  changes to various regulations in 27 CFR parts 447, 478, and 479 in order to "amend[]
20  ATF's regulations to clarify the definition of 'firearm' and to provide a more
21  comprehensive definition of 'frame or receiver[.]'"   87 Fed. Reg. 24652, 24661 (Apr. 26,
22  2022) (citing 86 Fed. Reg. 27720 (May 21, 2021)).   Among these changes is a new
23  requirement applicable to Federally Licensed Firearm Manufacturers and Importers that
24  "each frame or receiver of a new firearm design or configuration manufactured or imported
25  after the publication of the final rule [is] to be marked with a serial number."   *Id.* at 24664.
26  The rule takes effect 120 days after April 11, 2022.

27

28

[1] The Court notes that whether the right to self-manufacture is, as a matter of law, a "core" Second Amendment right is among the disputes at the heart of this matter.

- 2 -

1    For the purpose of the Motion pending before this Court, the new rule would seem

2    to undermine Plaintiffs' assertion that Section 53.18 renders their right to self-manufacture

3    a firearm strictly illusory, for the DOJ and ATF's rule requires Federally Licensed Firearm

4    Manufacturers and Importers to imprint with serial numbers unfinished frames or receivers.

5    Hence, Plaintiffs presumably now, or will soon, have access to unfinished frames and

6    receivers that fit squarely within one of the exceptions to Section 53.18.  Accordingly, the

7    Court finds necessary additional briefing from both sides as to the impact of 87 Fed. Reg.

8    24652 (Apr. 26, 2022) on Plaintiffs' claim Section 53.18 violates the Second Amendment,

9    namely what effect the final rule and forthcoming regulations have upon Plaintiffs' request

10   for a declaration that Section 53.18(c)(1) and (2) violate the Second and Fourteenth

11   Amendments of the United States Constitution.  (*See* Prayer for Relief ¶ (a), Compl. at p.

12   37.)  Thus, the Court **ORDERS** Plaintiffs and Defendants each to file a supplemental brief

13   **by no later than May 16, 2022**.  Each brief **shall be no longer than five (5) pages**.

14        **IT IS SO ORDERED.**

15

16   **DATED: April 29, 2022**

Hon. Cynthia Bashant
United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

21cv1676