1  MARA W. ELLIOTT, City Attorney
   M. TRAVIS PHELPS, Assistant City Attorney
2  MATTHEW L. ZOLLMAN, Deputy City Attorney
   California State Bar No. 288966
3         Office of the City Attorney
          1200 Third Avenue, Suite 1100
4         San Diego, California 92101-4100
          Telephone: (619) 533-5800
5         Facsimile: (619) 533-5856
          Email: MZollman@sandiego.gov
6  Attorneys for Defendants CITY OF SAN DIEGO and SAN DIEGO CHIEF OF
   POLICE DAVID NISLEIT
7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10 JAMES FAHR; DESIREE BERGMAN;          )  Case No.  21-cv-1676-BAS-BGS
   COLIN RUDOLPH; SAN DIEGO              )
11 COUNTY GUN OWNERS PAC; AND            )
   FIREARMS POLICY COALITION, INC.,      )  **DEFENDANTS CITY OF SAN
12                                       )  DIEGO AND SAN DIEGO CHIEF
                                         )  OF POLICE DAVID NISLEIT'S
            Plaintiffs,                   )  SUPPLEMENTAL BRIEF IN
13                                       )  SUPPORT OF MOTION TO
         v.                              )  DISMISS UNDER RULE 12(B)(6)**
14                                       )
   CITY OF SAN DIEGO, CALIFORNIA         )
15 AND DAVID NISLEIT, IN HIS             )  Judge: Hon. Cynthia Bashant
   OFFICIAL CAPACITY AS CHIEF OF         )  Court Room: 4B
16 POLICE OF SAN DIEGO CITY,             )  Trial: Not set
   CALIFORNIA,                           )
17                                       )
            Defendants.                   )
18                                       )
                                         )
19 _____      )

20         San Diego Municipal Code section 53.18 (Section 53.18) prohibits non-

21 serialized firearms and the self-manufacture of firearms using non-serialized

22 firearm components. *See* San Diego Municipal Code (SDMC) § 53.18(a), (c)(1)-

23 (2). Section 53.18 does not, however, prohibit the self-manufacture of firearms

24 using *serialized* unfinished frames or receivers. *See* SDMC § 53.18(c)(1)-(2). The

25 prohibitions of Section 53.18 do not apply if an unfinished frame or receiver is

26 "imprinted with a serial number issued to that unfinished frame or unfinished

27 receiver by a Federal Firearms Importer or Federal Firearms Manufacturer, or

28 engraved or permanently affixed with a serial number provided by the California

Department of Justice for that unfinished frame or unfinished receiver." SDMC § 53.18(c)(1)-(2). San Diegans are free to self-manufacture firearms, provided they start with a serialized unfinished frame or receiver.

Under the current Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) regulatory regime, manufacturers and importers must impress unique serial numbers upon both completed "firearms" and any "firearm frame or receiver that is not a component of a complete weapon[.]" 27 C.F.R. § 478.92(a). However, the current ATF regulations narrowly define the terms "frames" and "receivers" as firearm components that are readily operational without any additional modification. *See* 27 C.F.R. §§ 478.11, 479.11. Consequently, the ATF's definition and, thus, its serialization system, do not extend to unfinished frames and receivers which require some degree of physical alteration.

Because unfinished frames and receivers are excluded from the current serialization system, Plaintiffs contend that Section 53.18's serialization exceptions are illusory, and Section 53.18 operates as a total and complete ban on the purported right to self-manufacture firearms. *See* Compl. ¶¶ 72, 78. According to Plaintiffs, there is no conceivable way that a San Diego resident who wishes to self-manufacture a firearm can procure a serialized, unfinished frame or receiver and, therefore, he or she must violate Section 53.18 to exercise a purported Second Amendment right.

Recent regulatory rule making severely undermines Plaintiffs' contention that Section 53.18 renders their right to self-manufacture a firearm strictly illusory. On April 26, 2022, the Department of Justice (DOJ) and the ATF issued a final rule entitled "Definition of 'Frame and Receiver' and Identification of Firearms." Definition of 'Frame and Receiver' and Identification of Firearms, 87 Fed. Reg. 24652 (Apr. 26, 2022). The new rule proposes changes to various regulations in 27 CFR parts 447, 478, and 479 in order to "amend[] ATF's regulations to clarify the definition of 'firearm' and to provide a more comprehensive definition of 'frame or

receiver[.]'" 87 Fed. Reg. 24652, 24661 (citing 86 Fed. Reg. 27720 (May 21, 2021)). Among other things, the rule requires Federally Licensed Firearm Manufacturers and Importers to imprint with serial numbers unfinished frames or receivers. 87 Fed. Reg. 24652, 24664, 24728. The rule takes effect 120 days after April 11, 2022.

After the effective date, any "partially complete, disassembled, or nonfunctional frame or receiver, including a frame or receiver parts kit, that is designed to or may readily be completed, assembled, restored, or otherwise converted to function as a frame or receiver" will need to be serialized prior to sale. 87 Fed. Reg. 24652, 24739. The final rule provides examples clarifying when such items are considered readily completed, assembled, restored, or otherwise converted to function as the frame or receiver. [1] 87 Fed. Reg. 24652, 24653. And when determining whether a frame or receiver is subject to serialization, "the Director may consider any associated templates, jigs, molds, equipment, tools, instructions, guides, or marketing materials that are sold, distributed, or possessed with the item or kit, or otherwise made available by the seller or distributor of the item or kit to the purchaser or recipient of the item or kit." 87 Fed. Reg. 24652, 24739. Based on the examples and explanations of "frame or receiver," the new rule will require serialization of nearly all unfinished frames and receivers currently sold for self-manufacture. 87 Fed. Reg. 24652, 24739. If Plaintiffs lack access to unfinished frames and receivers in the future, it will not be because of Section 53.18.

/ / /

---

[1] "Example 1 to paragraph (c) – Frame or receiver: A frame or receiver parts kit containing a partially complete or disassembled billet or blank of a frame or receiver that is sold, distributed, or possessed with a compatible jig or template is a frame or receiver, as a person with online instructions and common hand tools may readily complete or assemble the frame or receiver parts to function as a frame or receiver; Example 2 to paragraph (c)—Frame or receiver: A partially complete billet or blank of a frame or receiver with one or more template holes drilled or indexed in the correct location is a frame or receiver, as a person with common hand tools may readily complete the billet or blank to function as a frame or receiver." 87 Fed. Reg. 24652, 24739.

The plain language of Section 53.18 is consistent with the new rule. Moreover, Section 53.18 explicitly provides that it is "to be applied and interpreted consistent with state and federal law." *See* SDMC § 53.18(a). Under Section 53.18, an unfinished frame or receiver subject to serialization is "a piece of any material that does not constitute the completed [frame or receiver] of a firearm, but that has been shaped or formed in any way for the purpose of becoming the [frame or receiver] of a firearm, and which may be made into a functional [frame or receiver] of a firearm through milling, drilling, or other means." *See* SDMC § 53.18(b)(11) - (12). Section 53.18 and the new ATF rule both require serialization of partially complete frames or receivers that, with minimal effort, can be manufactured into completed firearms. Even if Section 53.18 were repealed, the new ATF rule still forecloses Plaintiffs' ability to self-manufacture firearms using non-serialized unfinished frames or receivers.

Plaintiffs declared that regulatory change was a condition precedent to the ability to self-manufacture firearms using unfinished frames and receivers. *See* Compl. ¶ 72 n.1 ("Thus, no serialization process exists for firearm frames or receivers—much less *unfinished* frames or receivers—and none will exist unless and until the regulatory scheme is changed to specifically require it."). The regulatory system has changed – and serialization is now required for unfinished frames and receivers. San Diegans now, or will soon, have the same access to serialized unfinished frames and receivers as other California residents and citizens of other states.

The ATF final rule is a common-sense measure designed to close a regulatory loophole that previously allowed prohibited persons to construct and possess untraceable firearms. Neither the ATF final rule, nor Section 53.18 violates the Second Amendment because the Gun Control Act and the ATF final rule "do not prohibit individuals from assembling or otherwise making their own firearms from parts for personal use, such as self-defense or other lawful purposes." 87 Fed.

Reg. 24652, 24676. San Diegans remain free to manufacture any legal firearm, so long as they start with serialized components.

Section 53.18 does not violate Plaintiffs' Second Amendment rights, including the purported right to self-manufacture firearms. This Court should dismiss Plaintiffs' claims.


Dated:  May 16, 2022                    MARA W. ELLIOTT, City Attorney


                                        By  s/Matthew Zollman
                                            Matthew Zollman
                                            Deputy City Attorney

                                        Attorneys for Defendant
                                        CITY OF SAN DIEGO