| | |
|---|---|
| RAYMOND M. DIGUISEPPE | MARA W. ELLIOTT, CITY ATTORNEY |
| CA State Bar No. 228457 | M. TRAVIS PHELPS, ASST. CITY ATY. |
| THE DIGUISEPPE LAW FIRM, P.C. | MATTHEW L. ZOLLMAN, DEPUTY CITY ATY. |
| 4320 Southport-Supply Road | CA State Bar No. 288966 |
| Suite 300 | OFFICE OF THE CITY ATTORNEY |
| Southport, NC 28461 | 1200 THIRD AVENUE, SUITE 1100 |
| P: 910-713-8804 | SAN DIEGO, CALIFORNIA 92101-4100 |
| E: law.rmd@gmail.com | TELEPHONE: (619) 533-5800 |
| | FACSIMILE: (619) 533-5856 |
| | *Attorneys for Defendants* |

JOHN W. DILLON
CA State Bar No. 296788
DILLON LAW GROUP, APC
2647 Gateway Rd.
Suite 105 #255
Carlsbad, CA 92009
P: 760.642.7150
E: jdillon@dillonlawgp.com

WILLIAM SACK*
FIREARMS POLICY COALITION
5550 Painted Mirage Road, Ste 320
Las Vegas, NV 89149-4584
P: (916) 596-3492
E: wsack@fpclaw.org
*Pro Hac Vice*
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FAHR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, CALIFORNIA, et al.,<br><br>Defendants. | Case No.:<br>21-CV-1676-BAS-BGS<br><br>**JOINT MOTION AND STIPULATION TO STAY TRIAL PROCEEDINGS**<br><br>Judge: Hon. Cynthia Bashant<br>Courtroom: 4B<br>Trial: Not Set |

1    Plaintiffs and Defendants hereby jointly move for, stipulate to, and
2 respectfully request that this Court issue a stay in this case pending resolution of the
3 appeal in *Roger Palmer, et al. v. Stephen Sisolak, et al.*, 3:21-cv-00268-MMD-CSD,
4 D. Nev. (Ninth Circuit case no. 22-15645) (*Palmer*), for the following reasons:
5    "[A] district court has the 'power to stay proceedings' as part of its inherent
6 power 'to control the disposition of the causes on its docket with economy of time
7 and effort for itself, for counsel, and for litigants.'" *I.K. ex rel. E.K. v. Sylvan Union*
8 *School Dist.*, 681 F.Supp.2d 1179, 1190-91 (E.D. Cal. 2010) (quoting *Landis v.*
9 *North American Co.*, 299 U.S. 248, 254-55 (1936)). Thus, the court '"may, with
10 propriety, find it is efficient for its own docket and the fairest course for the parties
11 to enter a stay of an action before it, pending resolution of independent proceedings
12 which bear upon the case.'" *Id.* at 1191 (quoting *Leyva v. Certified Grocers of*
13 *California*, Ltd., 593 F.2d 857, 863–64 (9th Cir.1979)). '"This rule applies whether
14 the separate proceedings are judicial, administrative, or arbitral in character, and
15 does not require that the issues in such proceedings are necessarily controlling of the
16 action before the court.'" *Id.* Among the relevant factors to consider on such a
17 motion are '"the possible damage which may result from the granting of a stay, the
18 hardship or inequity which a party may suffer in being required to go forward, and
19 the orderly course of justice measured in terms of the simplifying or complicating of
20 issues, proof, and questions of law which could be expected to result from a stay.'"
21 *Id.* (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir.2005)).
22    Here, since the Court entered its order calling for supplemental briefing on the
23 impact of the United States Supreme Court's recent opinion in *Bruen*, the parties
24 have been collaborating about the most efficient and effective handling of this case.
25 In addition to *Bruen's* general impact on the analysis of Second Amendment claims,
26 two other recent developments will inevitably impact the manner in which the claims
27 at issue are resolved. First, the opinion of the Nevada District court in *Palmer* has
28 been appealed to the Ninth Circuit. In denying Plaintiffs' motion for preliminary

1  injunction in this case, the Court interpreted the *Palmer* case as involving "an
2  identical constitutional challenge launched by Plaintiff Firearm Policy Coalition
3  (among others) against a substantially similar Nevada law." Dkt No. 21 (Order
4  Denying Plaintiffs' Application for Temporary Restraining Order and Preliminary
5  Injunction) ("Order") at 13 n. 10. The Court relied on the *Palmer* court's opinion
6  denying a motion for preliminary injunction against that law, finding it "instructive"
7  to the Court's analysis, Order at 13 n. 10, and citing the opinion several times in
8  denying the motion concerning the ordinance at issue here, *id.* at 15, 20, 21. The
9  subject of the appeal in *Palmer* involves the same essential legal issues addressed by
10 the Nevada district court, which will now be resolved as *Bruen* instructs.

11      Thus, the outcome of the appeal in *Palmer* will "bear upon the case" here,
12 *Landis*, 299 U.S. at 254, and could be partially or fully dispositive of one or more
13 issues. While this alone warrants a stay of the proceedings to promote "the orderly
14 course of justice measured in terms of the simplifying … of issues, proof, and
15 questions of law," *Sylvan Union School Dist.*, 681 F.Supp.2d at 1191, another recent
16 development will potentially bear on this case. California just enacted Assembly Bill
17 No. 1621, as urgency legislation that became effective at the beginning of this
18 month. The purpose of this legislation is to amend the State's statutory scheme
19 regulating "ghost guns" and firearm "precursor parts." To that end, the legislation
20 has made numerous substantive changes to the State's laws concerning the sale,
21 transfer, possession, and use of such arms and parts. To the extent these laws displace
22 local ordinances governing the same conduct, a full and proper adjudication of the
23 claims here would require a consideration of AB 1621's impact on the case, and that
24 would presumably require a separate round of supplemental briefing on this subject.

25      As such, to the extent that the resolution of the appeal in *Palmer* may be
26 dispositive of one or more of the claims at issue here, staying the proceedings
27 pending the outcome of the appeal would promote "disposition of the causes on [the
28 Court's] docket with economy of time and effort for itself, for counsel, and for

litigants," *Sylvan Union School Dist.*, 681 F.Supp.2d at 1191, as doing so could narrow the issues in dispute, provide guidance on the necessary nature and scope of supplemental briefing regarding the impact of AB 1621, and generally promote a more efficient and effective adjudication of the claims in this case.

The parties are certainly aware of the Court's order requesting supplemental briefs by July 22, 2022, concerning the impact of *Bruen* on this case. The parties have collaborated as expeditiously as possible in bringing this stay motion. Given the complexity and unique complications of these unusual developments in the case, reaching a consensus among all parties and their respective counsel was relatively challenging. Everyone is now fully in accord that staying the proceedings in this case is the best course of action at this time. The parties anticipate that the briefing in the *Palmer* appeal will be completed within the next four to six months. Considering the normal time frames for oral arguments and disposition in the Ninth Circuit, the parties anticipate that the decision will issue by sometime early next year.

For these reasons, the parties respectfully request that this action be stayed pending resolution of the appeal in *Palmer*. Should the Court not be inclined to issue a stay, then the parties would alternatively request that a new supplemental briefing order be issued, which calls for briefing on the impact of both *Bruen* and AB 1621.

Dated: July 21, 2022

Respectfully submitted,

| THE DIGUISEPPE LAW FIRM, P.C. | DILLON LAW GROUP, APC |
|---|---|
| */s/ Raymond M. DiGuiseppe* | */s/ John W. Dillon* |
| Raymond M. DiGuiseppe | John W. Dillon |
| THE DIGUISEPPE LAW FIRM, P.C. | DILLON LAW GROUP, APC |
| 4320 Southport-Supply Road | 2647 Gateway Rd. |
| Suite 300 | Ste 105 #255 |
| Southport, NC 28461 | Carlsbad, CA 92009 |
| P: 910-713-8804 | P: 760.642.7150 |
| E: law.rmd@gmail.com | E: jdillon@dillonlawgp.com |

| | |
|---|---|
| 1 | FIREARMS POLICY COALITION |
| 2 | */s/ William Sack*\* |
| 3 | FIREARMS POLICY COALITION |
| 4 | 5550 Painted Mirage Road<br>Suite 320 |
| 5 | Las Vegas, NV 89149-4584 |
| 6 | P: (916) 596-3492<br>E: wsack@fpclaw.org |
| 7 | *Attorneys for Plaintiffs* |
| 8 | |
| 9 | MATTHEW L. ZOLLMAN, DEPUTY CITY ATTORNEY<br>OFFICE OF THE CITY ATTORNEY |
| 10 | |
| 11 | */s/Matthew L. Zollman* |
| 12 | 1200 THIRD AVENUE, SUITE 1100<br>SAN DIEGO, CALIFORNIA 92101-4100 |
| 13 | TELEPHONE: (619) 533-5800 |
| 14 | FACSIMILE: (619) 533-5856<br>*Attorneys for Defendants* |

**CERTIFICATION**

I certify that I have obtained authorization to affix to this document the electronic signatures of the above-listed signatories, pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual.

DATED: July 21, 2022                              **/s/ Raymond M. DiGuiseppe**

                                                                      Raymond M. DiGuiseppe