UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FAHR, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>CITY OF SAN DIEGO, *et al.*,<br><br>            Defendants. | Case No. 21-cv-1676-BAS-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO STAY PROCEEDINGS (ECF No. 31); AND**<br><br>**(2) TERMINATING AS MOOT DEFENDANTS' MOTION TO DISMISS (ECF No. 22)** |

At issue in the above-captioned lawsuit is the legality of Section 53.18 of Chapter 5 of the San Diego Municipal Code ("Section 53.18"), referred to by both parties colloquially as San Diego's "Ghost Gun Ban." In essence, Section 53.18 renders it unlawful for any person within the City of San Diego to "possess," "purchase," "transport," "receive," "sell," "transfer," or "offer to transfer an unfinished frame or receiver"—gun components that are necessary to self-manufacture an operable firearm—unless those components are serialized. SDMC § 53.18(c)(1), (2). Plaintiffs challenge

Section 53.18 as violative of both the Second Amendment and the Fifth Amendment "Takings" clause. (Compl., ECF No. 1.)

On October 20, 2021, this Court denied Plaintiffs' request to preliminarily enjoin enforcement of Section 53.18 pending resolution of this action. (Order Denying Pls.' Apps. for a Temporary Restraining Order and Prelim. Inj. ("P.I. Denial"), ECF No. 21.) As to likelihood on the merits of Plaintiffs' Second Amendment claim, this Court assumed *arguendo* that the Second Amendment offers some degree of protection the right to privately manufacture firearms as collateral to the "right to bear arms" and, applying then-prevailing Ninth Circuit precedent, concluded Section 53.18 passed Second Amendment scrutiny. (P.I. Denial at 5 (citing *Young v. Hawaii*, 992 F.3d 765 (9th Cir. 2021) (en banc) (finding intermediate scrutiny applies, and determining Section 53.18 is a reasonable fit to the important government objectives of safety and criminal investigations).) In so holding, this Court "found instructive" the decision of the Honorable Miranda M. Du of the District of Nevada denying a request for preliminary injunction against a "substantially similar Nevada law" based upon a practically "identical constitutional challenge." (P.I. Order at 7 n.10 (citing *Roger Palmer, et al. v. Stephen Sisolak, et al.*, 3:21-cv-02680-MMD-CSD (D. Nev.) ("*Palmer*"), ECF No. 51).)

Shortly thereafter, Defendants moved to dismiss the Complaint in its entirety. (Mot. to Dismiss, ECF No. 22.) While that Motion has been pending, this Court sought two rounds of supplemental briefing: one to address the effect of new Department of Justice regulations requiring serialization of unfinished frames and unfinished receivers on Plaintiffs' Second Amendment claims and the other to address intervening authority in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S.Ct. 2111 (2022) ("*Bruen*"). (ECF Nos. 27, 30.)

On July 21, 2022, the parties jointly moved for a stay of the instant proceeding pending the Ninth Circuit's resolution of the appeal of District Judge Miranda Du's order dismissing the complaint in *Palmer*, *see id.*, 2022 WL 960594, at *1 (D. Nev. Mar. 29, 2022), which is based upon substantially the same ground as her previous order denying

preliminary relief, discussed above.  (Joint Mot., ECF No. 31.)  The parties agree that the most efficient path forward is for this Court to wait and see how *Bruen* influences the Ninth Circuit's standard for assessing Second Amendment claims and whether the Ninth Circuit agrees with District Judge Du's disposition of *Palmer*.  (Joint Mot. at 2–3.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  This power to stay proceedings includes the discretion to grant stays "pending resolution of independent proceedings which bear upon the case."  *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).  "'This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court."  *I.K. ex rel. E.K. v. Sylvan Union Sch. Dist.*, 681 F. Supp. 2d 1179, 1190 (E.D. Cal. 2010).

The core issues presented in *Palmer* and this case are practically identical.  Both courts must decide whether the Second Amendment protects the right to privately manufacture firearms for self-defense purposes and, if so, whether a law restricting the possession, transfer, and sale of unserialized components necessary for the private manufacture of a firearm is incompatible with the Second Amendment.  If the Ninth Circuit reverses or affirms the lower court's decision in *Palmer*, or if the Ninth Circuit enunciates a new standard for assessing the sufficiency of Second Amendment claims following *Bruen* and remands the action back to the district court, this Court's decision regarding Defendants' pending Motion, too, may be impacted.  *See Leyva*, 593 F.2d at 863–64 (instructing a stay of proceedings is warranted if "pending resolution of independent proceedings . . . bear upon the case"); *Johnson v. Five Points Ctr., LLC*, No. 18-cv-5551-JSC, 2019 WL 3503045, at *1–2 (N.D. Cal. Aug. 1, 2019) (granting motion for stay "pending disposition of two appeals in the Ninth Circuit Court of Appeals addressing the exact same issue regarding Defendant Starbucks's counter practices as are at issue here").  Thus, it is in the interest of economy of time and effort for this Court,

counsel, and the parties to stay this proceeding until the Ninth Circuit has resolved the appeal in *Palmer*, rather than risk potential re-trial of the issues.

For these reasons, and because the parties jointly applied for a stay of proceedings, the Court **GRANTS** the Joint Motion (ECF No. 31) and **STAYS for ninety days from when this Order is electronically docketed**. The Court therefore **TERMINATES AS MOOT** Defendants' motion to dismiss (ECF No. 22) and **VACATES** all deadlines until further order of the Court. The parties **SHALL FILE** a joint status report **by no later than October 17, 2022**, seven days prior to the conclusion of the 90-day stay.

IT IS SO ORDERED.

**DATED: July 25, 2022**

Hon. Cynthia Bashant
United States District Judge