Chad Flores (Texas Bar. No 24059769)
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640
chad@chadflores.law

John W. Dillon (California Bar No. 296788)
Dillon Law Group APC
2647 Gateway Road, Suite 105, No. 255
Carlsbad, California 92009
(760) 642-7150
jdillon@dillonlawgp.com

Attorneys for Plaintiffs


# UNITED STATES DISTRICT COURT FOR THE

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Desiree Bergman, et al., <br><br> Plaintiffs, <br><br> v. <br><br> City of San Diego, County of San Diego, et al., <br><br> Defendants. | No. 21-cv-1676-BJC-DTF <br><br> **Plaintiffs' Opposed Motion to Partially Lift the Stay** <br><br> Hon. Benjamin J. Cheeks <br> Court Room: 3A <br> Trial: Not Set |

1                                   24-cv-0971-AJB-SBC

## Table of Contents

Plaintiffs' Motion to Partially Lift the Stay ............................................................3
I.      The Court should lift the stay as to Counts 2-5 and leave Count 1 stayed. ....3
Conclusion.................................................................................................................7

Plaintiffs move for an order that lifts the current stay of this case, ECF No. 32, as to Counts 2 through 5 of the Amended Complaint and leaves the remainder of this matter stayed pending the Ninth Circuit's resolution of *Palmer v. Lombardo*, No. 22-15645. The motion is opposed by the County Defendants.

**Plaintiffs' Opposed Motion to Partially Lift the Stay**

**I.      The Court should lift the stay as to Counts 2-5 and leave Count 1 stayed.**

The Document 32 stay entered in 2022 no longer fits this case. The stay was entered to await Ninth Circuit guidance on a Second Amendment issue pending in *Palmer v. Lombardo*, No. 22-15645. That rationale still applies, but only as to Count 1. It does not apply to Counts 2–5, which challenge California Code of Civil Procedure § 1021.11. Those claims are independent, ripe, and ready for resolution. No party is prejudiced by proceeding on them now. The Court should lift the stay as to Counts 2–5.

This case was stayed in July 2022 when it involved only Second Amendment claims. ECF No. 32. But now the operative pleading is the Amended Complaint that adds the County Defendants and asserts four new claims challenging § 1021.11 under the First Amendment, Supremacy Clause, Equal Protection Clause, and Due Process Clause. ECF No. 51. Those claims have no connection to *Palmer*.

The stay's rationale is limited. It rests on the expectation that *Palmer* will provide guidance on Plaintiffs' Second Amendment challenge to certain firearm

restrictions. That reasoning applied and continues to apply to Count 1. It does not apply to Counts 2–5.

As to Plaintiffs' Count 1 Second Amendment claim, *Palmer* remains unresolved, and the Ninth Circuit's decision there continues to stand a good chance of resolving some or all of the Count 1 controversy—or at least providing guidance to this Court as to how to resolve that Count. According, the stay of Count 1 should remain in place.

But the stay rationale does not apply to the Count 2–5 claims challenging the constitutionality of § 1021.11. The stay predates these claims and *Palmer* will not impact them. They present a live controversy that can and indeed should be litigated before the Count 1 Second Amendment claim. *See* Doc. 53 at 6, ¶ 10 ("Before pressing their challenges to the City and County Bans, Plaintiffs must first remove the cloud hanging over those claims by virtue of the operation of Section 1021.11."); *id.* at 64, ¶ 202 ("The Court should address and resolve Counts Two, Three, Four, and Five before addressing and resolving Count One.").

That controversy is concrete and presently justiciable. Section 1021.11 applies by its terms to lawsuits challenging firearm regulations—including this one. No existing court order resolves the instant case; the injunction entered in *Miller v. Bonta*, No. 3:22-cv-1446 (S.D. Cal.), extends only to the parties in that case. While the City Defendants have sufficiently indicated that they will not invoke § 1021.11

24-cv-0971-AJB-SBC

fee-shifting against Plaintiffs in this matter, the County Defendants have declined to waive future reliance on § 1021.11 in this action. A conditional or qualified commitment not to invoke a statute does not eliminate a live controversy over its application; this Court has already so held in the § 1021.11 context. *See Miller v. Bonta*, 643 F. Supp. 3d 1087, 1091–93. (S.D. Cal. 2022).

Plaintiffs thus face an unresolved threat of adverse fee-shifting that operates as a direct consequence of exercising their right to challenge government restrictions on firearms. That threat is not speculative or hypothetical. Requiring Plaintiffs to litigate the merits of Count 1 alongside Counts 2–5 would expose Plaintiffs to potentially exorbitant future liability based on the terms of § 1021.11. It is precisely the kind of concrete legal exposure that chills the exercise of constitutional rights and that warrants judicial resolution now—not after years of additional delay. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128–29 (2007) ("where threatened action by *government* is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat").

Importantly, Plaintiffs are not requesting that the Court resolve those questions today. The instant motion simply asks that the Court allow Plaintiffs the opportunity to make their case as to Counts 2–5 now, to resolve this issue while *Palmer* is still pending and to ensure that the parties are aware of the liability when proceeding with litigating Count 1.

24-cv-0971-AJB-SBC

Nor would proceeding on Counts 2–5 now create inefficiency. A stay is warranted only where the pending proceedings "bear[] upon the case," and "should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). *Palmer* does not bear on Counts 2–5. And where "there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking to maintain it "must make out a clear case of hardship or inequity." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). No such showing exists here.

To the contrary, the Amended Complaint is structured so that the § 1021.11 claims can be resolved before the merits of Plaintiff's Count 1 Second Amendment claim. Resolving the fee-shifting question first ensures that when *Palmer* is decided and the Count 1 stay lifts, the parties can litigate the merits unencumbered by the cloud of unresolved statutory exposure. Waiting to address everything at once would require simultaneous litigation of two entirely distinct sets of claims—a less efficient path, not a more efficient one. And because Counts 2–5 run only against the County Defendants and present purely legal questions, they can proceed on a focused briefing track with minimal burden on the Court and the parties.

24-cv-0971-AJB-SBC

The requested path forward is straightforward and efficient. Count 1 would remain stayed in full, as to all parties. Counts 2–5 would proceed against the County Defendants (the City Defendants are not sued on those counts). Proceeding now avoids unnecessary delay while preserving the Court's original rationale for the stay.

**Conclusion**

Plaintiffs respectfully request that the Court lift the stay of proceedings as to Counts 2 through 5 of the Amended Complaint. Count 1 should remain stayed pending the Ninth Circuit's resolution of *Palmer v. Lombardo*, No. 22-15645.

The County Defendants oppose this motion. The City Defendants do not.

Respectfully submitted,

Chad Flores (Texas Bar. No 24059769)
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640
chad@chadflores.law

John W. Dillon (California Bar No. 296788)
Dillon Law Group APC
2647 Gateway Road, Suite 105, No. 255
Carlsbad, California 92009
(760) 642-7150
jdillon@dillonlawgp.com

Attorneys for Plaintiffs

24-cv-0971-AJB-SBC