DAMON M. BROWN, County Counsel (SBN 242265)
By: AUSTIN M. UHLER, Principal Deputy (SBN 319684)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 318-7865
Email: austin.uhler@sdcounty.ca.gov

Attorneys for Defendants County of San Diego and
San Diego County Sheriff Kelly Martinez

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FAHR, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SAN DIEGO, *et al.*, <br><br> Defendants. | No. 21-cv-1676-BJC-BJW <br> Action filed: September 23, 2021 <br><br> **OPPOSITION OF DEFENDANTS COUNTY OF SAN DIEGO AND KELLY MARTINEZ TO PLAINTIFFS' MOTION TO PARTIALLY LIFT STAY** <br><br> District Judge: Hon. Benjamin J. Cheeks <br> Magistrate Judge: Hon. Brian J. White <br> Courtroom: 3A |

21-cv-1676-BJC-BJW

**<u>OPPOSITION</u>**

Plaintiffs' motion to partially lift the stay in this case should be denied at this time. Partially lifting the stay would be highly inefficient and burdensome for the Court and the parties, and these bad consequences are not outweighed by any competing interest.

Plaintiffs' motion contemplates that this case should proceed on four recently added claims related to the constitutionality California Code of Civil Procedure section 1021.11 but remain stayed as to the Second Amendment claim that occasioned the lawsuit in the first place.[1] Assuming Plaintiffs believe all their claims have merit, their motion necessarily implies that County Defendants ought to be required to prepare two responsive pleadings or Rule 12 motions, the Court to issue two scheduling orders, and the parties to conduct two different courses of discovery, motion practice, and, if necessary, trial.

As for Plaintiffs' asserted interest, their four claims related to California Code of Civil Procedure section 1021.11 are not ripe and ready for resolution and do not present a live controversy. In 2024, in *Firearms Policy Coalition, Inc. v. City of San Diego*, this Court held, among other things, that the plaintiffs[2] lacked Article III standing to challenge section 1021.11 in lawsuits against several local government entities in California,[3] and for the same reasons, that the claims were not ripe. *See* Order Dismissing Case, No. 23-400, 2024 WL 103292, at *3 (S.D. Cal. Jan. 9, 2024) (Lopez, J.), *aff'd*, No. 24-472, 2024 WL 4457553 (9th Cir. Oct. 10, 2024).

In *Firearms Policy Coalition*, this Court noted its prior holding in *Miller v. Bonta* that section 1021.11 was unconstitutional and its order in *Miller* permanently enjoining all persons who gain knowledge of the order from implementing or enforcing section 1021.11. *See id.* at *1 (discussing *Miller v. Bonta*, 646 F. Supp. 3d 1218, 1232 (S.D. Cal.

---

[1] The four recently added claims were added by an amended pleading Plaintiffs filed without leave of court while the stay was in place. *See* Dkt. 51.

[2] Including current Plaintiff Firearms Policy Coalition.

[3] Including current Defendant City of San Diego.

21-cv-1676-BJC-BJW

2022)). The Court also noted the Ninth Circuit's related conclusion that the permanent injunction in *Miller* mooted separate appellate proceedings over enforcement of section 1021.11. *See id.* at *2 (citing *Abrera v. Newsom*, No. 22-16897, 2023 WL 9423957 (9th Cir. Aug. 14, 2023)). Because the defendant local government entities clearly expressed that they did not intend to enforce section 1021.11 due to the *Miller* injunction, the Court held that the plaintiffs could not carry their burden to show that they faced actual or imminent injury. *See id.* at *3.

In *Firearms Policy Coalition*, the Court expressly rejected the plaintiffs' argument that they were in danger of unconstitutional enforcement of section 1021.11 because there was "'no commitment from Defendants' not to enforce" section 1021.11; the Court reasoned that the plaintiffs' argument incorrectly put the burden on the defendants to establish that the plaintiffs lacked standing, rather than on the plaintiffs to establish that they had it. *Id.*

Similar to the defendants in *Firearms Policy Coalition*, County Defendants do not intend to enforce section 1021.11 in the current action or any related action due to the binding *Miller* injunction. Plaintiffs offer no evidence that there is any realistic threat of its enforcement by County Defendants. Accordingly, there is no reason to partially lift the stay.

Finally, Plaintiffs' stated concerns can be addressed without partially lifting the stay at this time. If there is any major development in the relevant law casting doubt on the validity of the *Miller* injunction —a published appellate decision or a substantive statutory amendment—the parties and the Court could revisit the issue at that time.

DATED: May 6, 2026

DAMON M. BROWN, County Counsel

By: *Austin Uhler*

AUSTIN M. UHLER, Principal Deputy
Attorneys for Defendants County of San Diego
and San Diego County Sheriff Kelly Martinez
Email: austin.uhler@sdcounty.ca.gov

3

21-cv-1676-BJC-BJW