Chad Flores (Texas Bar. No 24059769)
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640
chad@chadflores.law

John W. Dillon (California Bar No. 296788)
Dillon Law Group APC
2647 Gateway Road, Suite 105, No. 255
Carlsbad, California 92009
(760) 642-7150
jdillon@dillonlawgp.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT FOR THE

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Desiree Bergman, et al., <br><br> Plaintiffs, <br><br> v. <br><br> City of San Diego, County of San Diego, et al., <br><br> Defendants. | No. 21-cv-1676-BJC-DTF <br><br> **Plaintiffs' Reply in Support of Plaintiffs' Opposed Motion to Partially Lift the Stay** <br><br> Hon. Benjamin J. Cheeks <br> Court Room: 3A <br> Trial: Not Set |

1                                      24-cv-0971-AJB-SBC

**Table of Contents**

Plaintiffs' Reply in Support of ..................................................................................3
Plaintiffs' Opposed Motion to Partially Lift the Stay ..............................................3
I.      The Court should lift the stay as to Counts 2-5 and leave Count 1 stayed. ....3
        A.      Counts 2–5 present a live controversy...................................................4
        B.      *Miller* does not bind the County or moot this dispute. ........................4
        C.      *Firearms Policy Coalition* cuts against the County............................6
        D.      Efficiency favors partial relief. ............................................................7
Conclusion.................................................................................................................7

24-cv-0971-AJB-SBC

**Plaintiffs' Reply in Support of
Plaintiffs' Opposed Motion to Partially Lift the Stay**

**I.      The Court should lift the stay as to Counts 2-5 and leave Count 1 stayed.**

The County's opposition proves the controversy. Plaintiffs asked the County to commit that it would not use California Code of Civil Procedure § 1021.11 against them in this case. The County refused: "Correct, we will not make that commitment." Ex. A. It explained that it did not want to "tie [its] hands" if § 1021.11 later became available. Ex. A. It also refused to disclaim retroactive fee exposure, saying its position would depend on future appellate decisions or statutory amendments. Ex. A.

That is not a disclaimer. It is a reservation. The County's present "intent" does not bind the County tomorrow, the next day, or under future leadership. Only a binding commitment would do that. The City gave one. Ex. B. The County refused.

The County's legal response fails. *Miller v.Bonta*, No. 3:22-cv-1446 (S.D. Cal.), does not moot claims against a local defendant that refuses a case-specific no-use commitment. And *Firearms Policy Coalition v. City of San Diego,* 2024 WL 103292 (S.D. Cal. Jan. 9, 2024), aff'd, 2024 WL 4457553 (9th Cir. Oct. 10, 2024), involved defendants who clearly disclaimed enforcement. The County did not and still does not. Section 1021.11 creates fee exposure now. The Court should lift the stay as to Counts 2–5 and leave Count 1 stayed.

24-cv-0971-AJB-SBC

**A.      Counts 2–5 present a live controversy.**

The County says Plaintiffs show no realistic threat of enforcement. Opp. 3. Its own correspondence says otherwise.

Plaintiffs asked for a binding commitment that the County would not use § 1021.11 in this case. The County refused. Ex. A. Plaintiffs asked whether the County would disclaim retroactive fees if future law changed. The County refused again. Ex. A. It then confirmed the point: it would not "tie [its] hands" by promising not to use procedures that later "turn out to be lawful." Ex. A.

Article III requires no more. A credible threat of enforcement is enough. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). Plaintiffs need not litigate Count 1 under a reserved fee threat and wait for the County to invoke § 1021.11 later.

**B.      *Miller* does not bind the County or moot this dispute.**

The County relies on the *Miller* injunction. Opp. 3. But the operative injunction is the final judgment, not the County's broad reading of the court's earlier opinion.

*Miller*'s December 19, 2022 Order used broad language. Ex. C. It stated that "Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, **and those who gain knowledge**

**of this injunction order or know of the existence of this injunction order,** are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327":

> THEREFORE IT IS HEREBY ORDERED that:
>
> Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.                                              .

*Id.* at 17.

The March 20, 2023 Final Judgment, however, narrowed the injunction to Rule 65's proper scope: Attorney General Bonta, Governor Newsom, their officers, agents, servants, employees, attorneys, and persons in active concert or participation with them who receive actual notice. Ex. D. The key language says so in no uncertain terms:

> 4.    Accordingly, the Court declares § 1021.11 to be unconstitutional and permanently enjoins the Defendants from bringing any action or motion under § 1021.11 to obtain an award of attorney's fees and costs. Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this injunction order are enjoined from implementing or enforcing § 1021.11, as enacted by S.B. 1327.

*Id.* at 2.

The County is none of those. It was not a *Miller* defendant, is not a State officer or agent, and is not acting in concert with the State defendants.

Rule 65 permits no broader result. An injunction binds only the parties, their agents, and persons in active concert or participation with them. Fed. R. Civ. P. 65(d)(2). The County cannot claim *Miller* both as a shield against Plaintiffs' § 1021.11 challenge and as a sword it may pick up later if the legal landscape changes.

That is what the County's position does. It says it does not "intend" to seek § 1021.11 fees "at this time" because of *Miller*, but refuses to make that position binding. Ex. A; Opp. 3. That conditional, nonbinding litigation posture does not moot anything—it leaves Plaintiffs (and their attorneys) forced to litigate the merits of their Second Amendment claim under the specter of future liability. *See Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190 (2000).

**C.      *Firearms Policy Coalition* cuts against the County.**

The County's lead authority involved the opposite facts. In *Firearms Policy Coalition*, the defendants "clearly expressed that they did not intend to enforce section 1021.11 due to the *Miller* injunction." 2024 WL 103292, at *3. The County refused to do that here. It preserved and continues to preserve future use. That distinction controls.

24-cv-0971-AJB-SBC

**D.     Efficiency favors partial relief.**

Count 1 remains properly stayed pending *Palmer v. Lombardo*, No. 22-15645. Counts 2–5 do not depend on *Palmer*. They challenge § 1021.11 under the First Amendment, Supremacy Clause, Equal Protection Clause, and Due Process Clause.

Resolving those claims first is efficient. It removes the fee-exposure cloud before the parties litigate Count 1. Waiting does the opposite. The County's position produces a one-way ratchet. Plaintiffs accrue § 1021.11 exposure while litigating, but the County avoids adjudication by saying it does not intend to enforce the statute today. If *Miller* later changes, the County has preserved the ability to seek fees after the exposure has already accumulated. Heads the County wins; tails Plaintiffs lose.

The burden is minimal. Counts 2–5 run only against the County Defendants. They are facial legal claims. The Court can set a focused Rule 12 or summary-judgment schedule and leave Count 1 stayed.

## Conclusion

This Court should grant Plaintiffs' motion and lift the stay only as to Counts 2–5 in Plaintiffs' Amended Complaint.

Respectfully submitted,

Chad Flores (Texas Bar. No 24059769)
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640
chad@chadflores.law

John W. Dillon (California Bar No. 296788)
Dillon Law Group APC
2647 Gateway Road, Suite 105, No. 255
Carlsbad, California 92009
(760) 642-7150
jdillon@dillonlawgp.com

Attorneys for Plaintiffs