# EXHIBIT A

From: **Uhler, Austin** Austin.Uhler@sdcounty.ca.gov
Subject: RE: Re: [External] Bergman v. City of San Diego & County of San Diego, No. 21-cv-1676 (S.D. Cal.) - Stipulated Judgment
Date: March 27, 2026 at 11:55 AM
To: Chad Flores chad@chadflores.law



Hi Chad,

Thank you for your last message. Below in red, I've clarified what aspects of your summary of the parties' respective positions we do and don't agree with. Hopefully this helps clarify things.

Best regards,
Austin

---

**From:** Chad Flores <chad@chadflores.law>
**Sent:** Thursday, March 26, 2026 2:19 PM
**To:** Uhler, Austin <Austin.Uhler@sdcounty.ca.gov>
**Subject:** Re: [External] Re: Bergman v. City of San Diego & County of San Diego, No. 21-cv-1676 (S.D. Cal.) - Stipulated Judgment

Austin,

Thanks for the prompt reply.  We always appreciate candid exchanges that help map out everyone's position most accurately.

Forgive me if you've already answered this, but there is a little more clarity to be had for our side.  Is this a correct understanding of the positions?

> Plaintiffs seek a binding commitment from the County Defendants to never use California Code of Civil Procedure § 1021.11 against the Plaintiffs in this case.
> <span style="color:red">That's what we understand.</span>
>
> The County Defendants will not do so.
> <span style="color:red">Correct, we will not make that commitment.</span>
>
> At this time, the County agrees not to use or argue for the constitutionality of section 1021.11 in connection with this lawsuit.
> <span style="color:red">Correct.</span>
>
> If and when appellate court rules in a published decision that California Code of Civil Procedure § 1021.11 is constitutional (the triggering decision need not be from this jurisdiction or involve these parties), the County will use it against the Plaintiffs in this case.
> <span style="color:red">No, not exactly. The point about which jurisdiction the appellate decision comes from is very complex and, as you can imagine, there are some examples that are easy and others that are hard. If the decision comes from the Ninth Circuit or U.S. Supreme Court, then it's easy, that's directly binding. If the jurisdiction is like a Texas state appellate court interpreting the Texas abortion-related fee-shifting law and decides that all laws of that structure must be constitutional, it would implicitly decide that California's section 1021.11 is constitutional, but the example is still easy in the sense that we wouldn't recognize that decision as binding or persuasive enough to cast doubt on the</span>

continuing viability of the injunction in *Miller*. If the jurisdiction is a California state appellate court interpreting section 1021.11 based on some future intervening Ninth Circuit or U.S. Supreme Court precedent on a closely related issue, then we would probably have to think deeply about whether that is a solid enough basis to change our position and whether we would want to begin arguing that it should be available to use against Plaintiffs. We just can't say at this point. The same complexity would be compounded if CCP 1021.11 is substantively amended.

In that event, the County's use would include seeking the recovery of all fees incurred from inception - not just those incurred after the ruling at issue. Again, not exactly. It would depend on what the future appellate court holdings or statutory amendments were; they might specify limits on section 1021.11's applicability during this interim period.

Another key clarification on this and the above point is that we are not at all committing or stating our intent to use section 1021.11 in the future or in any specific future scenario where it is held constitutional. We just don't want to *commit to not* using it in the future when we don't know what the law will be in the future.

_____

Chad Flores
512-589-7620
chad@chadflores.law


On Wed, Mar 25, 2026 at 5:31 PM Uhler, Austin <Austin.Uhler@sdcounty.ca.gov> wrote:

> Hi Chad,
>
> Thanks for continuing to engage, but I do not believe there is room for more accommodation at this time. The concept is that we don't want to tie our hands by committing to not use procedures that later turn out to be lawful. This is not a claim that section 1021.11 is lawful or should be lawful, just that, if it turns out later that it is lawful, we don't want to have disadvantaged ourselves by committing beforehand to not use it in this action start to finish when we don't know how the law will develop. I hope that that concept makes sense from our perspective even if it does not fully satisfy your clients.
>
> Thanks,
> Austin
>
> ---
>
> **From:** Chad Flores <chad@chadflores.law>
> **Sent:** Wednesday, March 25, 2026 7:24 AM
> **To:** Uhler, Austin <Austin.Uhler@sdcounty.ca.gov>
> **Subject:** Re: [External] Re: Bergman v. City of San Diego & County of San Diego, No. 21-cv-1676 (S.D. Cal.) - Stipulated Judgment
>
> Austin,
>
> Thanks for the thoughtful reply. It's a good step in the right direction.

Query whether this is the farthest the County will go or whether there is room for more accommodation. The scenario I'm worried about is if our case gets to the ninth inning (which may take years) and then some court somewhere upholds 1021. We don't want our plaintiffs or their attorney's to then face potential 1021 fee liability for everything that happened before. So could we get the County to agree now that it won't seek to enforce 1021 in this action at all - start to finish?

_____

Chad Flores
cf@chadflores.law
(512) 589-7620

On Tue, Mar 24, 2026 at 5:47 PM Uhler, Austin <Austin.Uhler@sdcounty.ca.gov> wrote:

> Good afternoon Chad,
>
> I had a chance today to review the prior materials I referenced I my last email. You can find our position set forth in the attached letter dated today.
>
> Please also find attached a past letter from an attorney representing the Firearms Policy Coalition on a closely related section 1021.11 issue.
>
> I look forward to hearing back from you.
>
> Best regards,
> Austin
>
> ---
>
> **From:** Chad Flores <chad@chadflores.law>
> **Sent:** Monday, March 23, 2026 12:20 PM
> **To:** Uhler, Austin <Austin.Uhler@sdcounty.ca.gov>
> **Subject:** Re: [External] Re: Bergman v. City of San Diego & County of San Diego, No. 21-cv-1676 (S.D. Cal.) - Stipulated Judgment
>
> Austin,
>
> Thanks for the prompt update. Hopefully there's good news to report soon. We'll hold off for the time being and look forward to hearing back after the meeting.
>
> (The 2024 happenings were before my time too, so if something material arises from that I'll need to be updated as well.)
>
> _____
>
> Chad Flores
> 512-589-7620
> chad@chadflores.law
>
> On Mon, Mar 23, 2026 at 1:56 PM Uhler, Austin <Austin.Uhler@sdcounty.ca.gov> wrote:

Hi Chad,

Thanks for checking. I'll need at least a few more days to give you any considered response. Last week, after you sent us the proposed stipulated judgment, I learned that our Board of Supervisors has considered the CCP 1021.11 issue in connection with threatened litigation from the Firearms Policy Coalition in the past, in January 2024 (I wasn't assigned to that matter, so it was news to me).

I asked our administrative staff to gather the Board meeting materials and minutes for me and received them earlier this morning. I'm currently working on two other cases that will go to our Board during its scheduled meeting tomorrow or Wednesday, so I'll need at least a few more days to review our previous Board materials and see what parts of the stipulated judgment you proposed might be acceptable.

Thanks,
Austin

---

**From:** Chad Flores <chad@chadflores.law>
**Sent:** Monday, March 23, 2026 11:49 AM
**To:** Uhler, Austin <Austin.Uhler@sdcounty.ca.gov>
**Subject:** Re: [External] Re: Bergman v. City of San Diego & County of San Diego, No. 21-cv-1676 (S.D. Cal.) - Stipulated Judgment

Austin,

Can you give us your position now?  If not, we'll need to press ahead toward summary judgment.

_____
Chad Flores
512-589-7620
chad@chadflores.law

On Tue, Mar 17, 2026 at 5:51 PM Uhler, Austin <Austin.Uhler@sdcounty.ca.gov> wrote:

> Chad,
>
> Thank you. I'll review and discuss with my supervisor.
>
> Best,
> Austin
>
> ---
>
> **From:** Chad Flores <chad@chadflores.law>
> **Sent:** Tuesday, March 17, 2026 10:52 AM
> **To:** Uhler, Austin <Austin.Uhler@sdcounty.ca.gov>
> **Subject:** [External] Re: Bergman v. City of San Diego & County of San Diego, No. 21-cv-1676 (S.D. Cal.) - Stipulated Judgment
>
> Austin! Not Andrew. My apologies!

On Tue, Mar 17, 2026 at 12:50 PM Chad Flores <chad@chadflores.law> wrote:

Andrew,

I'm writing to follow up on our discussions about complaint Counts 2-5 regarding the 1021 attorney's fee statute and the possibility of resolving that via agreement.  If the County is prepared to formalize the assurances necessary to really resolve that part of the controversy, we'd be more than happy to push the logistics through immediately so that the case can proceed to focus on just Count One.

Here's our proposed resolution of Counts 2-5 that resolves things via stipulation: Joint Stipulated Judgment [Draft]. It achieves vis-a-vis Plaintiffs and the County bascially the same state of affairs as was achieved vis-a-vis Plaintiffs and the City.

Can your side agree to that? If so, we can file it soon and move on with things otherwise.

We'd like to know what next steps are as soon as is practicable.  So if you could please get us your feedback quite soon, we'd appreciate it.

_____

Chad Flores
512-589-7620
chad@chadflores.law