UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JAMES FAHR, *et al.*,

Plaintiffs,

v.

CITY OF SAN DIEGO, *et al.*,

Defendants.

Case No.: 21-cv-1676-BJC-MMP

**ORDER DENYING PLAINTIFFS' MOTION TO PARTIALLY LIFT STAY**

**(ECF No. 57)**

Before the Court Plaintiffs' Motion to Partially Lift the Stay. ECF No. 57. Defendants filed an opposition to the Motion, and Plaintiffs replied. ECF Nos. 58; 59. For the reasons stated below, the Motion is **DENIED**.

## I. BACKGROUND

Plaintiffs initiated this action on September 23, 2021, seeking to invalidate San Diego City Ordinance Number O-2022-7 (ECF No. 1, Ex. A ("Ordinance")), which Plaintiffs allege "prohibits, *inter alia*, the possession, purchase, sale, receipt, and transportation of non-serialized, unfinished firearm parts, as well as non-serialized firearms[]" covered by the Ordinance, in violation of the Second Amendment and Fifth Amendment Takings Clause. ECF No. 1 ¶¶ 54, 129–65. The Complaint alleged two causes of action, both under 42 U.S.C. § 1983. *See generally id.*

On November 4, 2021, Defendants moved to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6) arguing Plaintiffs fail to state a claim. ECF

No. 22. After the Parties fully briefed the Motion to Dismiss, the Department of Justice ("DOJ") and the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") issued a final rule entitled "Definition of 'Frame and Receiver' and Identification of Firearms," proposing changes to various regulations in 27 CFR parts 447, 478, and 479 in order to "amend[] ATF's regulations to clarify the definition of 'firearm' and to provide a more comprehensive definition of 'frame or receiver[.]'" 87 Fed. Reg. 24652, 24661 (Apr. 26, 2022) (citing 86 Fed. Reg. 27720 (May 21, 2021)). Among the changes was a new requirement applicable to Federally Licensed Firearm Manufacturers and Importers that "each frame or receiver of a new firearm design or configuration manufactured or imported after the publication of the final rule [is] to be marked with a serial number." *Id.* at 24664.

In light of the proposed changes, the Court issued an Order on April 29, 2022, stating:

> the new rule would seem to undermine Plaintiffs' assertion that Section 53.18 renders their right to self-manufacture a firearm strictly illusory, for the DOJ and ATF's rule requires Federally Licensed Firearm Manufacturers and Importers to imprint with serial numbers unfinished frames or receivers. Hence, Plaintiffs presumably now, or will soon, have access to unfinished frames and receivers that fit squarely within one of the exceptions to Section 53.18.

ECF No. 27. The Court therefore ordered supplemental briefing on the Motion to Dismiss. *Id.* The Parties each submitted supplemental briefing on May 16, 2026. ECF Nos. 28–29.

Subsequently, due to the June 23, 2022 Supreme Court decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), the Court asked for additional supplemental briefing. ECF No. 30. Before the Parties submitted the supplemental briefing, they filed a joint motion to stay in this matter pending resolution of the appeal in *Roger Palmer, et al. v. Stephen Sisolak, et al.*, 3:21-cv-00268-MMD-CSD, D. Nev. (Ninth Circuit case no. 22-15645) (*Palmer*). ECF No. 31.

In *Palmer*, Nevada District Court's order was appealed to the Ninth Circuit. ECF No. 31 at 2. In denying Plaintiffs' motion for preliminary injunction in this case, the Court interpreted the *Palmer* case as involving "an identical constitutional challenge launched by

Plaintiff Firearm Policy Coalition (among others) against a substantially similar Nevada law." ECF No. 21 at 13 n. 10. The Court relied on the *Palmer* opinion, finding it instructive to the Court's analysis. *Id.* The subject of the appeal in *Palmer* involves the same essential legal issues addressed by the Nevada District Court. ECF No. 31 at 3. Thus, the Parties argued that the outcome of the appeal in *Palmer* would "'bear upon the case' here and could be partially or fully dispositive of one or more issues." *Id.* The Court agreed and granted the motion to stay on July 25, 2022. ECF No. 32.

On February 12, 2026, Plaintiffs filed the operative First Amended Complaint, which adds the County Defendants, asserts four new claims that challenge the constitutionality of California Code of Civil Procedure § 1021.11. Section 1021.11 is a fee-shifting statute which provides that:

> any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

As both parties recognize, this is not the first time California Code of Civil Procedure § 1021.11 has been challenged in this district. In *Miller v. Bonta*, 646 F. Supp. 3d 1218 (S.D. Cal. 2022), another court in this district found § 1021.11 unconstitutional and permanently enjoined the defendants from bringing any action or motion under § 1021.11 for the purpose of obtaining an award of attorneys' fees and costs. 646 F. Supp. 3d at 1232. That same day, the same court entered a similar judgment in another challenge to § 1021.11 in *South Bay Rod & Gun Club, Inc. v. Bonta*. *See* 646 F. Supp. 3d 1232, 1245 (S.D. Cal. 2022) (holding that § 1021.11 was unconstitutional and permanently enjoining the State from enforcing § 1021.11).

Nearly a year later, § 1021.11 was again challenged in this district. In *Firearms Pol'y Coal., Inc. v. City of San Diego*, No. 23-CV-400-LL-VET, 2024 WL 103292 (S.D.

Cal. Jan. 9, 2024), *aff'd*, No. 24-472, 2024 WL 4457553 (9th Cir. Oct. 10, 2024), the district court noted that "[t]he constitutionality of this provision has been previously litigated in this district." 2024 WL 103292, at *1. The court went on to hold that the plaintiffs did not have standing to bring their claims because "Plaintiffs have no concrete evidence that Defendants plan to enforce Section 1021.11, and as such, Plaintiffs have failed to show that they face an actual or imminent injury." *Id.* at *3. For the same reasons, the court also found plaintiffs' claims were not ripe for adjudication. *Id.* (citing *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010)). In an unpublished memorandum, the Ninth Circuit affirmed the district court's dismissal of the case. *Firearms Pol'y Coal., Inc. v. City of San Diego*, No. 24-472, 2024 WL 4457553 (9th Cir. Oct. 10, 2024).

## II. DISCUSSION

By way of the instant Motion, Plaintiffs seek to lift the stay as to the claims arising from the challenge to § 1021.11 (Claims 2–5), but leave the stay in place as to Count 1. ECF No. 57. Defendants oppose lifting the stay, arguing that "lifting the stay would be highly inefficient and burdensome for the Court and the parties." ECF No. 58.

Plaintiffs argue that the Court should partially lift the stay as to Counts 2–5, which challenge the constitutionality of California Code of Civil Procedure § 1021.11 under the First Amendment, Supremacy Clause, Equal Protection Clause, and Due Process Clause, while maintaining the stay as to Count 1 pending the Ninth Circuit's decision in *Palmer*. ECF No. 57 at 3. Plaintiffs contend that *Palmer* has no bearing on Counts 2–5, and that those claims present an independent, ripe controversy because § 1021.11 exposes Plaintiffs and their counsel to potentially substantial attorney's fees if their Second Amendment related claims are unsuccessful. *Id.* at 3–4. Plaintiffs emphasize that, unlike the City, the County has refused to provide a binding commitment that it will not invoke § 1021.11 in this action, thereby leaving Plaintiffs subject to potential future fee liability. *Id.* at 4–5. Plaintiffs further argue that the permanent injunction issued in *Miller* does not eliminate this controversy because the County was not a party to that action, and is thus not bound by the injunction. *Id.* Finally, Plaintiffs contend that partially lifting the stay will promote

judicial efficiency because Counts 2–5 present discrete legal questions that can be resolved before the parties litigate Count 1, avoiding unnecessary delay and allowing the parties to proceed without the uncertainty of potential fee liability.

In opposition, the County Defendants argue that the Court should deny the motion because partially lifting the stay would be inefficient and unnecessarily burdensome, requiring the parties and the Court to litigate two separate sets of claims through separate pleadings, scheduling orders, discovery, motion practice, and potentially trials. ECF No. 58 at 2. Defendants further contend that Counts 2–5 do not present a ripe controversy because Plaintiffs cannot demonstrate an actual or imminent threat that the County will enforce § 1021.11. *Id.* Specifically, Defendants rely on *Miller*, which declared § 1021.11 unconstitutional and permanently enjoined its enforcement, and *Firearms Pol'y Coal.*, in which the court found that plaintiffs lacked standing to challenge the statute because local government defendants had disclaimed any intent to enforce it in light of the *Miller* injunction. *Id.* at 2–3. Defendants maintain that they likewise have no present intention of enforcing § 1021.11 in this or any related action and that Plaintiffs have offered no evidence of a realistic threat of enforcement. *Id.* at 3. Defendants argue that their unwillingness to make a binding commitment concerning potential future enforcement does not establish standing or create a present controversy. *Id.* Finally, Defendants contend that any concerns about future enforcement can be addressed if a significant legal development, such as a published appellate decision or substantive statutory amendment, undermines the *Miller* injunction, at which point the parties may ask the Court to revisit the stay. *Id.*

A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In *CMAX, Inc. v. Hall,* 300 F.2d 265 (9th Cir. 1962), the Ninth Circuit set out the following framework:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party

> may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.* at 268.

Here, having carefully considered the parties' arguments, the Court finds no basis to lift the stay of these proceedings at this time. Maintaining the stay will preserve judicial and party resources by allowing the parties to litigate all claims together, rather than proceeding on separate tracks. Moreover, Plaintiffs will not suffer any prejudice from continuing the stay. Plaintiffs do not allege any immediate threat of injury or damage if the case remains stayed. Rather, Plaintiffs merely cite a *potential future* harm. Indeed, because these proceedings will remain stayed pending the Ninth Circuit's decision in *Palmer*, Plaintiffs will not incur additional litigation fees or expenses while awaiting that decision. Moreover, Plaintiffs do not identify any imminent threat of enforcement of § 1021.11. Having found that Plaintiffs will suffer no prejudice if the stay remains fully in place, the Court declines to partially lift the stay at this time.

## III. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Motion to Partially Lift the Stay is **DENIED**. The Parties are **ORDERED** to file a joint status report every six (6) months during the pendency of the *Palmer* appeal; ***<u>and</u>*** file a joint status report within fourteen (14) days of any disposition by the Ninth Circuit in *Palmer*.

**IT IS SO ORDERED.**

Dated: November 20, 2026

Honorable Benjamin J. Cheeks
United States District Judge